UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT ORLANDO LOVE,

            Plaintiff,            Case No. 1:14-cv-281

v.                                                    Honorable Robert J. Jonker

SHANIEKA DEVONNE MOSLEY et al.,

            Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Warchuck, Timmer, Foster, Freeman and Thompson. The Court will serve the complaint against Defendants Mosley and Sharp.

**Discussion**

I. Factual allegations

Petitioner Robert Orlando Love presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility, though the actions about which he complains occurred while he was on parole. He sues MDOC Parole Officers Shanieka Devonne Mosley and Jenell Freeman and Parole Supervisor Johnathan Timmers, together with other MDOC employees: David Sharp, Kyle Foster and Christopher Thompson. He also sues Sonya Warchuck, whose role is not specified.

According to the complaint, on April 10, 2012, Plaintiff was paroled from the MDOC from his sentence of imprisonment for one year and three months to fifteen years on his conviction for possession of less than 25 grams of cocaine. Plaintiff was authorized to reside with his grandmother at 425 Woodlawn, S.E., in Grand Rapids, Michigan. While under the supervision of Defendant Parole Officer Freeman, Petitioner became romantically involved with Defendant Parole Officer Shanieka Mosley. In July, 2012, Plaintiff moved in with Defendant Mosley, but Mosley used her position of authority to conceal the change of address and living arrangement from Defendants Freeman and Timmers. Mosley allegedly used Petitioner's parole status to control Plaintiff. On July 14, 2012, Mosley appeared to have an asthma attack, and Plaintiff called 911. Plaintiff's name was taken by the Grand Rapids Police in conjunction with the emergency transport of Defendant Mosley, at which point, it became known that he was cohabiting with a parole officer.

The following day, July 15, 2012, Defendant Mosley denied that Plaintiff was living with her and falsely accused Plaintiff of assaulting her. Defendant Timmers ordered that a warrant be issued and authorized the parole absconding agents to apprehend Plaintiff. Defendant Sharp

found Plaintiff near his grandmother's home. Although Plaintiff neither possessed nor brandished a weapon and offered no resistance, Sharp twice shot Plaintiff with a Tazer and then beat him. Approximately 20 people witnessed the incident, and Plaintiff saw Defendant Mosley sitting in her truck, watching Defendant Sharp beat him. Plaintiff claims that, when he was taken to the jail, he was bloody and beaten, but he was given no medical treatment. Instead, he was not allowed a telephone call and was placed in the drunk tank without blankets for over 36 hours.

On July 17, 2012, Defendant Timmers and another MDOC employee visited Plaintiff, charging him with assault and threatening behavior toward Defendant Mosley. He then was taken from the domestic-violence program in Tuscola to the Saginaw Police Department, where he took a lie-detector test. The report from the lie-detector found that Plaintiff was truthful in his allegations about Defendant Mosley. Mosley subsequently was charged with second-degree criminal sexual conduct under MICH. COMP. LAWS § 750.520c, and she pleaded guilty to that charge. Mosley was sentenced to six months' imprisonment, three additional months on a tether, and twenty-four months' probation. She also was placed on the sex registry. Plaintiff was released from the domestic-violence program at Tuscola on October 20, 2012. He was placed on a tether and re-paroled back to his grandmother's house. In February, 2013, Plaintiff failed to report to his parole officer and was involved in a domestic-violence episode with Jadda Carr. Defendant Sharp again went to apprehend Plaintiff. Despite knowing that Plaintiff was living elsewhere, Defendant Sharp went to Plaintiff's grandmother's house, searched it, and confiscated two antique guns from the closet of the room in which Plaintiff had formerly slept. At the parole revocation hearing, Defendants allegedly misrepresented the facts, causing Plaintiff's parole to be revoked.

Plaintiff claims that Defendant Mosley violated his Eighth Amendment rights by sexually victimizing him, that Defendant Sharp used excessive force in arresting him, and that all other Defendants conspired to cover up Mosley's unlawful activities by blaming Plaintiff for his own abuse by Mosley. Plaintiff seeks millions of dollars in compensatory damages from each of the Defendants.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Warchuck

Plaintiff's allegations fail to state a claim against Defendant Warchuck. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d

496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendant Warchuck in the body of his complaint. His allegations against Defendant Warchuck therefore fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court therefore will dismiss Plaintiff's claims against Defendant Warchuck.

### B. Defendants Timmers, Freeman, Foster, and Thompson

Plaintiff alleges that Defendants Timmers, Freeman, Foster and Thompson conspired to cover-up Defendant Mosley's criminal sexual conduct against Plaintiff. To state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F. Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are,

therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. Michigan,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995).

Plaintiff's allegations of conspiracy are conclusory and speculative. Plaintiff has provided no allegations establishing a link between the alleged conspirators or any agreement between them. His only allegations against Defendant Freeman are that she was his parole supervisor and that Defendant Mosley hid the fact that Plaintiff was living with her from Freeman. With respect to Defendant Timmers, Plaintiff alleges that Defendant Mosley hid her relationship from Timmers and that Timmers, acting on Mosley's report that Plaintiff had assaulted her, ordered Plaintiff's apprehension. None of these allegations support his claim of conspiracy. Indeed, these allegations suggest that Freeman and Timmers acted on Mosley's report with the belief that it was true; they do not suggest that Defendants Freeman and Timmers were conspiring with Mosley. In addition, Plaintiff makes no factual allegations against Defendants Foster and Thompson beyond his bare claim that they conspired. In sum, Plaintiff's limited, conclusory allegations fail to state a plausible claim of conspiracy against any Defendant.

### C. Defendants Mosley and Sharp

Upon review, the Court concludes that Plaintiff has sufficiently alleged claims against Defendants Mosley and Sharp to warrant service of the complaint.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Warchuck, Timmer, Foster, Freeman and Thompson will be dismissed

for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Mosley and Sharp.

An Order consistent with this Opinion will be entered.


Dated:     April 3, 2014            /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE