UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ORLANDO LOVE,

        Plaintiff,

Case No. 1:14-cv-281

Hon. Robert J. Jonker

v.

SHANIEKA DEVONNE MOSLEY
and DAVID SHARP,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner for incidents which occurred while he was on parole. After initial screening of the complaint, plaintiff filed an amended complaint which named four defendants, Shanieka Devonne Mosley and David Sharp, the State of Michigan and the Michigan Department of Corrections (MDOC). *See* Amend. Compl. (docket no. 8). Defendants Mosley and Sharp are the only remaining defendants in this action. This matter is now before the Court on plaintiff's motion for summary judgment against defendant Mosley (docket no. 59), plaintiff's motion for leave to file a fourth amended complaint (docket no. 69), and plaintiff's "Motion to dismiss and or strike defendant David Sharp's response opposing plaintiff's motion for leave to file fourth amended complaint, or alternatively motion to dismiss or for summary judgment as being untimely" (docket no. 78).

## I. Background

### A. Plaintiff's claims alleged in the amended complaint

Plaintiff was paroled on April 10, 2012 under the supervision of the MDOC and the State of Michigan. Amend. Compl. at PageID.46. While plaintiff was on parole, he engaged in an illegal sexual relationship with Mosley, who was an MDOC employee. *Id.* In July, 2012, with the help and encouragement of Mosley, plaintiff changed his supervision address from 425 Woodlawn, SE, Grand Rapids, Michigan, to 722 Dickerson, SE, Grand Rapids, Michigan. *Id.* On July 14, 2012, plaintiff called in a medical emergency for Mosley who was transferred to a medical facility. *Id.* During that medical emergency, plaintiff gave law enforcement officials his address at 722 Dickerson. *Id.* at PageID.47.

Plaintiff alleged that a number of incidents occurred on or about July 15, 2014. First, Mosley advised the MDOC that she was assaulted by plaintiff, that she did not live with plaintiff, and that she was not in a romantic relationship with plaintiff. *Id.* Second, the MDOC issued a warrant to detain plaintiff. *Id.* Third, defendant Sharp, whom plaintiff identified as an MDOC employee, allegedly "beat and tazed Plaintiff Love, without cause." *Id.* Mosley was present during the alleged assault. *Id.*

Plaintiff alleged that he was charged with parole violations of assault and threatening behavior based upon Mosley's false assault allegations and was placed in a domestic violence program. *Id.* In addition, plaintiff alleged that due to Mosley's false allegations and Sharp's assault he received physical injuries that required medical attention and "was illegally arrested and detained at the Grand Rapids Police Department." *Id.*

Some time later, plaintiff was interviewed by Detective/Sergeant Bentley of the Michigan State Police. *Id.* at PageID.48. Plaintiff was re-paroled on October 20, 2012 after his release from the domestic violence program." *Id.* Plaintiff alleged that "Mosley pleaded guilty to Criminal Sexual Conduct, 2nd Degree, and received six (6) months in the Kent County Jail, three (3) months tether, twenty-four (24) months probation, and was required to register with the State of Michigan as a Sex Offender." *Id.* Finally, on or about February 11, 2013, defendant Sharp retaliated against plaintiff's criminal sexual conduct complaint by arresting plaintiff. *Id.*

Plaintiff seeks relief against defendant Mosley pursuant to 42 U.S.C. § 1983 for violating his Eighth Amendment rights by "sexually victimizing" plaintiff and entering into a conspiracy with defendant Sharp to use excessive force against plaintiff and unlawfully arrest him. *Id.* at PageID.48-49. Plaintiff also seeks relief against Sharp pursuant to 42 U.S.C. § 1983 for violating his Eighth Amendment rights by "using unlawful excessive force against him" and "conspiring with Defendant Mosley to cover up her illegal acts." *Id*. Plaintiff also alleged that Mosley and Sharp were employees of the MDOC and the State of Michigan and that these two entities are liable for their illegal and tortious acts. *Id.* at PageID.49-50. While plaintiff claims that Mosley and Sharp violated state law, he does not allege any particular tort or statutory violation. *Id.* Plaintiff seeks in excess of $20,000,000.00 from the four defendants. *Id.* at PageID.50-51.

    **B.**  **Court's order addressing plaintiff's claims**

After plaintiff filed his amended complaint, the parties filed numerous motions and other papers. The main component of the motion practice involved the issue of whether defendant Sharp was a state employee subject to liability under 42 U.S.C. § 1983 for violating a federal constitutional right under color of state law, or was a federal employee subject to liability for

3

violating a federal constitutional right under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 438 (6th Cir. 2006) ("In *Bivens*, the Supreme Court held that individuals could recover money damages for any injuries they have suffered as a result of a federal agent's violation of the Constitution.") (internal quotation marks and brackets omitted).

The Court entered a Report and Recommendation (R&R) which, among other things, concluded that defendant Sharp was a federal employee and that plaintiff's amended complaint should be dismissed because it alleged state law claims against him rather than claims brought under the *Bivens* doctrine or the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (FTCA). Ultimately, on September 30, 2015, this Court entered an order modifying the R&R which: dismissed the MDOC and State of Michigan as defendants in this action; struck plaintiff's second amended complaint (docket no. 27); denied plaintiff's motion to file a third amended complaint (docket no. 40); and granted defendant Sharp's combined motion to dismiss and for summary judgment (docket no. 12), subject to giving plaintiff an opportunity to file an amended complaint within 30 days "that asserts a Bivens claim against Defendant Sharp." Order Modifying and Approving Report and Recommendation (docket no. 61 at PageID.312).

Plaintiff, however, did not file a Fourth Amended complaint as directed by the Court. Rather, after being granted an extension of time, plaintiff filed a motion for leave to file a Fourth Amended complaint, which attempted to revive some of his improper claims. Plaintiff also filed motions to enter a default against defendant Mosley and to strike her answer. Some months after the Court denied these two motions, defendant Sharp filed a document entitled "Defendant Sharp's Response opposing plaintiff's motion for leave to file a fourth amended complaint, or alternatively,

motion to dismiss or for summary judgment" (docket no. 76). Although captioned as a motion, this document was not docketed as such. It appears that the purpose of this "response/motion" was to draw the Court's attention to the fact that plaintiff's motion for leave to file the Fourth Amended Complaint did not comply with the Court's Order modifying the R&R. For his part, plaintiff filed a "Motion to dismiss or strike defendant David Sharp's response opposing plaintiff's motion for leave to file fourth amended complaint, or alternatively motion to dismiss or for summary judgment as being untimely" (docket no. 78).

## II. Discussion

### A. The Fourth Amended complaint

#### 1. Plaintiff's motion for leave to file a Fourth Amended complaint, defendants' response/motion opposing it, and plaintiff's motion to strike defendants' response/motion

Contrary to the Court's Order modifying the R&R, plaintiff did not simply file a Fourth Amended Complaint asserting a *Bivens* claim against defendant Sharp. Rather, plaintiff filed a motion for leave to file a Fourth Amended Complaint which sought to include some claims previously rejected by the Court. This motion was unnecessary and contrary to the Court's Order allowing plaintiff to file a *Bivens* claim against defendant Sharp. As discussed, defendants filed a response/motion pointing out the insufficiencies of the allegations in the proposed Fourth Amended Complaint and plaintiff moved to strike defendants' response/motion as untimely. Ultimately, the issue before the Court is whether plaintiff complied with the order allowing him to file an amended complaint. Given the history of this case, and the fact that plaintiff did not simply file a Fourth

5

Amended complaint as directed, the Court will consider the arguments raised by defendants with respect to issue. Accordingly, plaintiff's motion to strike (docket no. 78) should be denied.

The operative pleading in this case is plaintiff's amended complaint which, in its present form, fails to allege a cause of action against defendant Sharp. The proposed Fourth Amended Complaint has divided plaintiff's claims into five counts: Count I ("Violation of 42 U.S.C. § 1983 and the Fourteenth Amendment" directed at both defendants); Count II ("Violation of 42 U.S.C. § 1983 and the Eighth Amendment" directed at both defendants); Count III ("Bivens claim for excessive force resulting in bodily injury" directed at defendant Sharp); Count IV ("Bivens claim for assault and battery by defendant David Sharp" in violation of state law, M.C.L. § 750.81); and Count V ("Bivens claim for failure to administer adequate medical care" directed at defendant Sharp for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth and Fourteenth Amendments). Proposed Fourth Amend. Compl. (docket no. 69-1).

Counts I and II of the proposed Fourth Amended complaint continue to improperly allege § 1983 actions against defendant Sharp. *See* R&R at PageID.254-260. In addition, while Count IV refers to "*Bivens,*" it is nothing more than a state law tort claim which should have been brought pursuant to the FTCA. This claim fails for lack of exhaustion as explained in the previous R&R. *See* R&R at PageID.260-264.

This leaves Counts III and V, both of which seek relief for constitutional violations citing *Bivens*. In Count III, plaintiff alleged that "[t]he action of Defendant David Sharp in beating and tasing Plaintiff without need or provocation was excessive force, and was done with malicious and sadistic intent to cause harm, and constitutes a violation of plaintiff's Eighth Amendment rights of the United States Constitution." Proposed Fourth Amended Compl. at PageID.335. A question

6

arises as to whether plaintiff can bring an excessive force claim under the Fourth or Eighth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) (stating that "[a] claim of excessive force to effect arrest is analyzed under a Fourth Amendment standard," citing *Tennessee v. Garner*, 471 U.S. 1, 7-22 (1985), while "[a] claim of excessive force to subdue [a] convicted prisoner is analyzed under an Eighth Amendment standard," citing *Whitley v. Albers*, 475 U.S. 312, 318-326 (1986)). The Court previously stated that such a claim should be brought under the Fourth Amendment. *See* R&R at PageID.254. However, upon further consideration, the Court concludes that the Eighth Amendment would apply because plaintiff was a parolee at the time of the arrest. The Sixth Circuit addressed a similar issue in *Tuttle v. Carroll County Detention Center*, 500 Fed. Appx. 480 (6th Cir. 2012). In *Tuttle*, the plaintiff was a parolee who was arrested on a parole violator warrant and taken to the county detention center for booking, during which he alleged that he was subjected to cruel and unusual punishment when a female deputy "grabbed [Tuttle's] privates and squeezed them really hard." *Tuttle*, 500 Fed. Appx. at 481. Under these circumstances, the Court addressed plaintiff's claim as a violation of the Eighth Amendment's prohibition against "the unnecessary and wanton infliction of pain against prisoners." *Id.* Because plaintiff was a parolee arrested for a parole violation, he could allege an Eighth Amendment *Bivens* claim against defendant Sharp for the alleged use of excessive force on July 15, 2012.

Finally, in Count V, plaintiff seeks a *Bivens* claim against defendant Sharp alleging that "[t]he failure of Defendant David Sharp to provide adequate medical care to Plaintiff after Defendant Sharp had beaten and tased Plaintiff, constitutes deliberate indifference to Plaintiff's serious medical needs in violation of Plaintiff's Eighth and Fourteenth Amendment rights." Proposed Fourth Amend. Compl. at PageID.337. As an initial matter, the Fourteenth Amendment

7

is inapplicable to plaintiff's *Bivens* claim against defendant Sharp. The Fourteenth Amendment applies to action by the state, not the federal government. U.S. Const. Amend. IV, § 1. *See Russo v. Glasser*, 279 F. Supp. 2d 136, 142 (D. Conn. 2003) (because the Fourteenth Amendment applies to state action and not federal action, it could not serve as basis for monetary relief in a *Bivens* action alleging constitutional violations by federal officials while acting under color of federal law).

Furthermore, plaintiff does not allege that defendant Sharp failed to administer medical care. The allegation in the proposed Fourth Amended Complaint is that "Plaintiff after being beaten and tased by Defendant David Sharp was transported to the Grand Rapids Police Departmetn [sic], While [sic] at the Police Department, Plaintiff's repeated requests for medical attention was ignored by MDOC officials and Grand Rapids police officials." Proposed Fourth Amend. Compl. at PageID.332. Plaintiff cannot maintain a *Bivens* action against defendant Sharp for the alleged unconstitutional actions of others, in this case unnamed officials from the MDOC and the Grand Rapids Police. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) ("In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983' . . . Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Accordingly, plaintiff has failed to allege a *Bivens* cause of action against defendant Sharp for deliberate indifference to a serious medical need under the Eighth Amendment. For these reasons, the undersigned concludes that plaintiff did not file an amended complaint as directed by the Court.

Given the history of this litigation and plaintiff's failure to comply with the Court's order to file an amended complaint, the undersigned recommends that the Court adopt the R&R

dismissing all claims alleged against defendant Sharp and proceed with plaintiff's claims against defendant Mosley as set forth in the amended complaint. In the alternative, the Court could allow plaintiff to file an amended complaint limited to his § 1983 claim alleged against defendant Mosley (for the alleged sexual assault) (*see* discussion, *infra*) and a *Bivens* claim against defendant Sharp (for use of excessive force during the arrest).

### B. Plaintiff's motion for summary judgment against defendant Mosley

In his amended complaint, plaintiff seeks relief under § 1983, claiming that defendant Mosley violated his Eighth Amendment rights by "sexually victimizing" him. Amend. Compl. at PageID.48. Plaintiff has moved for summary judgment on this claim (docket no. 59). The motion is unopposed.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the Court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Finally, "[t]he fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2nd Cir. 1996). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

Plaintiff seeks relief against defendant Mosley pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). In a previously filed declaration, defendant Sharp stated that defendant Mosley was a

parole office with the Kent County Parole Office. Sharp Decl. (docket no. 13-2, PageID.82). Because plaintiff was a parolee, the Court will view plaintiff's claim against Mosley as arising under the Eighth Amendment.

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "The contemporary standards of civilized decency that currently prevail in society determine whether conditions of confinement are cruel and unusual." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004), citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson*, 503 U.S. at 8.

The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Id.* at 8-9. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes*, 452 U.S. at 345-46. The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct

prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Here, plaintiff alleged that defendant Mosley "sexually victimized" him. As an initial matter, not all allegations of sexual misconduct rise to the level of an Eighth Amendment violation. As this Court recently explained:

> "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). However, circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim).

> The Sixth Circuit has held that even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Solomon v. Mich. Dep't of Corr.*, 478 Fed.Appx. 318, 320-21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson*

>
> *v. Madery*, 158 Fed.Appx. 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment).

*Bourne v. Awomolo*, No. 1:16-cv-957, 2016 WL 4771240 at *3 (W.D. Mich. Sept. 14, 2016).

In his amended complaint, plaintiff alleged that defendant Mosley pled guilty to second degree criminal sexual conduct, received a sentence of six months in the Kent County Jail, three months tether, and 24 months probation, and was required to register with the State of Michigan as a sex offender. Amend. Compl. at PageID.48. In his motion for summary judgment, plaintiff seeks to establish Mosley's alleged Eighth Amendment violation by presenting state court documents. However, the documents presented by plaintiff do not support plaintiff's allegation that Mosley was convicted of second degree criminal sexual conduct. Rather, plaintiff has submitted documents which indicate that on February 18, 2013, Mosley pled guilty in the Kent County Circuit Court to gross indecency between male & female - committing/procuring - contrary to M.C.L. § 750.338b. *See* Judgment of Sentence (docket no. 60-1, PageID.305); M.C.L. § 750.338b (providing in pertinent part, "[a]ny person who procures or attempts to procure the commission of any act of gross indecency by and between any male person and any female person shall be guilty of a felony punishable as provided in this section"). These documents do not establish that plaintiff was the victim of that conduct, and do not set forth any facts explaining either the nature of the conduct involved or the date when such conduct occurred.

Furthermore, the Court cannot accept Mosley's judgment and conviction for gross indecency as establishing an Eight Amendment violation without some evidence of the underlying

13

acts which support the conviction. "[G]ross indecency is not defined by the terms of the statute." *People v. Myers*, 161 Mich. App. 215, 217, 409 N.W.2d 788 (1987). "Until the Michigan Legislature provides a workable definition of gross indecency, malleable enough to protect and not infringe upon the rights of the public, courts must decide on a case by case basis whether an act is grossly indecent, as did the Supreme Court in *People v. Lino*, 447 Mich. 567; 527 NW2d 434 (1994)." *People v. Gonser*, No. 298252, 2012 WL 1697338 at *3 (Mich. Ct. App. May 15, 2012). *See, e.g.*, *Lino*, 447 Mich. at 567, 578 ("fellatio performed in a public place clearly falls within the ambit of the gross indecency statute"); *People v. Rappuhn*, 78 Mich. App. 348, 360, 260 N.W.2d 90 (1977) ("[a]ssault is not an element of the offense of gross indecency"); *People v. Jones*, 75 Mich. App. 261, 265, 271-72, 254 N.W.2d 863 (1977) (defendant's assaultive behavior earlier in the day was distinct from the gross indecencies committed against the complainant, i.e., that "defendant forced complainant to fellate him, performed cunnilingus upon her, and, according to complainant's testimony, forced her to have intercourse"). In summary, the evidence presented by plaintiff does not establish the elements of an Eighth Amendment claim against defendant. Genuine issues of material fact exist with respect to what occurred between plaintiff and Mosley and when it occurred. Accordingly, plaintiff's motion for summary judgment should be denied.

### III.     Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motion for leave to file a Fourth Amended Complaint (docket no. 69) be **DENIED**.

I further recommend that plaintiff's motion for summary judgment against defendant Mosley (docket no. 59) be **DENIED**.

I further recommend that plaintiff's motion to strike (docket no. 78) be **DENIED**.

I further recommend that plaintiff's claims against defendant Sharp be **DISMISSED** for the reasons set forth in the Court's Order modifying and adopting the report and recommendation (docket no. 61). In the alternative to dismissing plaintiff's claims against Sharp, I recommend that plaintiff file a fifth amended complaint limited to: (1) his Eighth Amendment (sexual victimization) claim against defendant Mosley brought pursuant to § 1983, and (2) his Eighth Amendment (excessive force) claim against defendant Sharp brought pursuant to *Bivens*.


Dated: September 26, 2016         /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).