UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ORLANDO LOVE,

        Plaintiff,

Case No. 1:14-cv-281

Hon. Robert J. Jonker

v.

SHANIEKA DEVONNE MOSLEY
and DAVID SHARP,

        Defendants.

                              /

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner for incidents which occurred while he was on parole. This matter is now before the Court on motions for summary judgment filed by plaintiff (ECF No. 93) and defendant Mosley (ECF No. 97).

**I.    Background**

Plaintiff was paroled on April 10, 2012 under the supervision of the MDOC and the State of Michigan. Amend. Compl. (ECF No. 8, PageID.46). While plaintiff was on parole in Grand Rapids, Michigan, he engaged in an illegal sexual relationship with Mosley, who was an MDOC employee. *Id.* In July, 2012, with the help and encouragement of Mosley, plaintiff changed his supervision address from 425 Woodlawn SE to 722 Dickerson SE. *Id.*[1] On July 14, 2012, plaintiff called in a medical emergency for Mosley who was transferred to a medical facility. *Id.* During that

---

[1] By way of background, in his original complaint plaintiff identified the Woodlawn address as his grandmother's residence, and stated that he later moved to the Dickerson address where he lived with defendant Mosley. *See* Compl. (ECF No. 1, PageID.3).

medical emergency, plaintiff gave law enforcement officials his address at 722 Dickerson. *Id.* at PageID.47.

Plaintiff alleged that a number of incidents occurred on or about July 15, 2012. First, Mosley advised the MDOC that she was assaulted by plaintiff, that she did not live with plaintiff, and that she was not in a romantic relationship with plaintiff. *Id.* Second, the MDOC issued a warrant to detain plaintiff. *Id.* Third, defendant Sharp, whom plaintiff identified as an MDOC employee, allegedly "beat and tazed Plaintiff Love, without cause" while Mosley was present. *Id.*

Plaintiff alleged that he was charged with parole violations of assault and threatening behavior based upon Mosley's false assault allegations and was placed in a domestic violence program. *Id.* In addition, plaintiff alleged that due to Mosley's false allegations and Sharp's assault he received physical injuries that required medical attention and "was illegally arrested and detained at the Grand Rapids Police Department." *Id.*

Some time later, plaintiff was interviewed by Detective/Sergeant Bentley of the Michigan State Police. *Id.* at PageID.48. Plaintiff was re-paroled on October 20, 2012 after his release from the domestic violence program." *Id.* Plaintiff alleged that "Mosley pleaded guilty to Criminal Sexual Conduct, 2nd Degree [CSC 2], and received six (6) months in the Kent County Jail, three (3) months tether, twenty-four (24) months probation, and was required to register with the State of Michigan as a Sex Offender." *Id.* Finally, on or about February 11, 2013, defendant Sharp retaliated against plaintiff's criminal sexual conduct complaint by arresting plaintiff. *Id.*

The only cause of action remaining in this case is plaintiff's claim brought pursuant to 42 U.S.C. § 1983 that defendant Mosley sexually victimized him. *See* Order Approving and

Adopting Report and Recommendation (R&R) (ECF No. 86). Plaintiff seeks damages against defendant Mosley in excess of $5,000,00.00. Amend. Compl. at PageID.50-51.

## II. Discussion

### A. Legal Standard for summary judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving

3

party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the Court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.** **Order to show cause**

In addressing this motion, the Court is aware that there is a pending order to show cause "why all filings on behalf of Defendant Mosley since July 30, 2015, should not be stricken for failure to serve Plaintiff, and for failure to file appropriate proofs of service, as required by Fed. R. Civ. P. 5, and Local Civil Rule 5.7(i)(iii)." *See* Order to show cause (ECF No. 101). For the reasons discussed below, even if the Court strikes these filings, which include defendant Mosley's response to plaintiff's motion for summary judgment (ECF Nos. 95 and 96), a genuine issue of material fact exists with respect to plaintiff's claims. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("the fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically"); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992) (the trial court is required to "intelligently and carefully review the legitimacy of such unresponded-to motion" and cannot "blithely accept the conclusions argued in the motion").

**C.** **Plaintiff's motion**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*,

4

378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983. Because plaintiff was a parolee, the Court will view plaintiff's claim against Mosley as arising under the Eighth Amendment.

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "The contemporary standards of civilized decency that currently prevail in society determine whether conditions of confinement are cruel and unusual." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004), citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson*, 503 U.S. at 8.

The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Id.* at 8-9. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes*, 452 U.S. at 345-46. The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk

5

of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Here, plaintiff alleged that defendant Mosley "sexually victimized" him. As an initial matter, not all allegations of sexual misconduct rise to the level of an Eighth Amendment violation. As this Court recently explained:

> "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). However, circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim).

> The Sixth Circuit has held that even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth

6

> Amendment violation. *See, e.g., Solomon v. Mich. Dep't of Corr.*, 478 Fed.Appx. 318, 320-21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery*, 158 Fed.Appx. 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment).

*Bourne v. Awomolo*, No. 1:16-cv-957, 2016 WL 4771240 at *3 (W.D. Mich. Sept. 14, 2016).

In his amended complaint, plaintiff alleged that defendant Mosley pled guilty to CSC 2, received a sentence of six months in the Kent County Jail, three months tether, and 24 months probation, and was required to register with the State of Michigan as a sex offender. Amend. Compl. at PageID.48. In a previous motion for summary judgment, plaintiff sought to establish Mosley's alleged Eighth Amendment violation by presenting state court documents. *See* Report and Recommendation (R&R) (ECF No. 81), adopted in Order (ECF No. 86). However, those documents did not support plaintiff's allegation that Mosley was convicted of second degree criminal sexual conduct. Rather, plaintiff submitted documents which indicate that on February 18, 2013, Mosley pled guilty in the Kent County Circuit Court to gross indecency between male & female - committing/procuring - contrary to M.C.L. § 750.338b. *See* Judgment of Sentence (ECF No. 60-1, PageID.305); M.C.L. § 750.338b (providing in pertinent part, "[a]ny person who procures or attempts to procure the commission of any act of gross indecency by and between any male person and any female person shall be guilty of a felony punishable as provided in this section"). These documents did not establish that plaintiff was the victim of that conduct, and do not set forth any facts explaining either the nature of the conduct involved or the date when such conduct occurred.

7

Furthermore, the Court could not accept Mosley's judgment and conviction for gross indecency as establishing an Eight Amendment violation without some evidence of the underlying acts which support the conviction. "[G]ross indecency is not defined by the terms of the statute." *People v. Myers*, 161 Mich. App. 215, 217, 409 N.W.2d 788 (1987). "Until the Michigan Legislature provides a workable definition of gross indecency, malleable enough to protect and not infringe upon the rights of the public, courts must decide on a case by case basis whether an act is grossly indecent, as did the Supreme Court in *People v. Lino*, 447 Mich. 567; 527 NW2d 434 (1994)." *People v. Gonser*, No. 298252, 2012 WL 1697338 at *3 (Mich. Ct. App. May 15, 2012). *See, e.g.*, *Lino*, 447 Mich. at 567, 578 ("fellatio performed in a public place clearly falls within the ambit of the gross indecency statute"); *People v. Rappuhn*, 78 Mich. App. 348, 360, 260 N.W.2d 90 (1977) ("[a]ssault is not an element of the offense of gross indecency"); *People v. Jones*, 75 Mich. App. 261, 265, 271-72, 254 N.W.2d 863 (1977) (defendant's assaultive behavior earlier in the day was distinct from the gross indecencies committed against the complainant, i.e., that "defendant forced complainant to fellate him, performed cunnilingus upon her, and, according to complainant's testimony, forced her to have intercourse"). Based on this record, the Court denied plaintiff's motion for summary judgment because the evidence presented by plaintiff did not establish the elements of an Eighth Amendment claim against defendant Mosely and genuine issues of material fact exist with respect to exactly what defendant Mosley did to plaintiff and when she did it. *See* R&R (ECF No. 81), adopted in Order (ECF No. 86).

In the present motion, plaintiff has expanded the record to include the transcript of Mosley's plea taken on February 18, 2013. *See* Plea Trans. (ECF No. 94-1, PageID.436-440). Mosley pled guilty pursuant to the following plea offer announced by the prosecution, "Upon

8

successful plea and sentence to an amended Count 2 of gross indecency between a male and female, we would dismiss the CSC 2 charge set forth in Count 1." *Id*. at PageID.436.

However, the plea transcript does not provide any further information to explain what Mosley did to commit gross indecency:

> THE COURT: Tell me, then, Ms. Mosley, on or about and between the dates of May 15, and July 15 of the year 2012, at 4855 28th Street, S.E. . . . . Did you engage in criminal sexual conduct with one Robert Orlando Love, a person under the jurisdiction of the Michigan Department of Corrections, while you were an employee of same?
>
> [Ms. Mosley]: Yes, your Honor.

Plea Trans. at PageID.439. In summary, while defendant Mosley's testimony narrowed the time frame of the alleged conduct to a two-month period (between May 15, and July 15, 2012), she did not testify as to the nature of acts which occurred.

Defendant Mosley filed a response in two parts (ECF Nos. 95 and 96), which is subject to the pending show cause order. Assuming that Mosley's response is not stricken, consideration of the response would not change the outcome. Rather, Mosley's response presentes additional fact issues which would preclude summary judgment. Her first response included an affidavit in which Mosley stated: that she was a parole officer for the State of Michigan at all relevant times; that she met plaintiff at her Masters Graduation Party and did not know he was a parolee; that she had consensual sex with plaintiff from about April 201 through early July 2012; that she learned plaintiff was a parolee on or about July 15, 2012 and told him that "we could no longer see each other"; that later that night, plaintiff entered her residence, was upset at the break up, and began to "beat me and choke me"; that as a result of the choking she suffered an asthma attack; that

9

plaintiff called 911; and that she was taken by ambulance to the hospital. Mosley Aff. (ECF No. 95-1, PageID.455-456). Defendant Mosley also stated: that she reported the event to her supervisor and the Grand Rapids Police Deparment; that she never saw or talked to plaintiff after July 15, 2012; that she was charged with CSC 2nd degree in December 2012 after police learned of her conduct with plaintiff; that she pled guilty to "indecent exposure" in February 2013 after the prosecutor agreed to drop the CSC 2nd charge; and that she was sentenced to six months in jail and 24 months of probation. *Id*. at PageID.456. Defendant Mosley further stated: that the sexual contact between her and plaintiff was always consensual; that "discussion of his parole status never came up as he had a good job and was highly intelligent and good natured up until the time he attacked me"; that in February 2013 she was fired from her position as a parole officer due to her sexual contact with plaintiff; that during her incarceration in 2013, plaintiff was arrested for gun possession and assault against another woman; and that she had no involvement in plaintiff's arrest or convictions for parole violation during her incarceration. *Id*. [2]

Based on this record, there remains genuine issues of material fact as to whether the sexual conduct between defendant Mosley and plaintiff rose to the level of a federal consitutional violation. Accordingly, plaintiff's motion for summary judgment should be denied.

---

[2] In her motion for summary judgment, defendant indicates that the CSC 2 charge was based upon the fact that she was a probation officer and plaintiff was a parolee. *See* M.C.L. § 750.520c(i) ("(1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists: . . . (i) That other person is under the jurisdiction of the department of corrections and the actor is an employee or a contractual employee of, or a volunteer with, the department of corrections who knows that the other person is under the jurisdiction of the department of corrections."). The Court notes that plaintiff's brief incorrectly cites a different statutory section related to an actor who is an employee of a private vendor that operates a youth correctional facility (M.C.L. § 750.520c(j)). *See* Defendant's Brief (ECF No. 97-1, PageID.488).

### D. Defendant Mosley's motion for summary judgment

Finally, defendant Mosley has filed her own motion for summary judgment (ECF No. 97). Defendant's cryptic motion and brief do not present any factual issues.[3] Rather, defendant contends that there was no Eighth Amendment violation because she and plaintiff had consensual sex. Plaintiff did not file a response to this motion, which is subject to being stricken under the show cause order because it was not served on plaintiff. However, even if this motion was not stricken, genuine issues of material fact exist with respect to the alleged constitutional violation.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motion for summary judgment (ECF No. 93) be **DENIED**.

I further recommend that defendant Mosley's motion for summary judgment (ECF No. 97), if not stricken by the Court, be **DENIED**.

Dated: August 22, 2017  /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[3] Plaintiff's motion and brief fall far short of the work product expected of attorneys in this district.